[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2011
JOHN LEY
CLERK

No. 10-10954
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-00670-WSD

JOHNNIE A. HOLLINS,

Plaintiff-Appellant,

versus

FULTON COUNTY,
SHERIFF THEODORE JACKSON,
in his official capacity as Sheriff,
SHERIFF MYRON E. FREEMAN,
in his individual capacity as Sheriff,
CHIEF EDWARD LONG,
in his official capacity as Chief Deputy,
CHIEF ROLAND LANE, JR.,
in his individual capacity as Chief Deputy,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 7, 2011)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Johnnie A. Hollins, a former Fulton County deputy sergeant, appeals pro se the district court's grant of summary judgment on her claims of: (1) age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623; (2) disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a); (3) violations of her due process rights, 42 U.S.C. § 1983; (4) and intentional infliction of emotional distress, in violation of Georgia state law. The district court granted summary judgment on each of those claims to Hollins' former employer, Fulton County, and to Fulton County Sheriff Myron Freeman and Fulton County Chief Deputy Sheriff Roland Lane, Jr., in their individual and official capacities. On appeal Hollins contends that the district court's resolution of each of her four claims was in error.[1]

I.

A.

---

[1] As an initial matter, Hollins argues for the first time on appeal that the defendants violated "the Fulton County civil service act of 1982" and that the defendants failed to follow several of the County's guidelines and procedures when they terminated her employment. Because Hollins did not present these issues before the district court, where counsel represented her, we decline to address them on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quotation marks omitted)).

Hollins began working as a deputy for the Fulton County Sheriff's Office in 1988. In 2004 she was promoted to sergeant and was a "sworn peace officer," responsible for supervising both deputies and inmates at the Fulton County Jail. Her job duties in that position were physical. As the district court summarized, "[s]he was required to be able to restrain inmates, search cells, draw and fire her weapon, ensure general safety, and otherwise keep order."

On June 21, 2006, Hollins was injured in an altercation with an inmate. Based on the recommendation of her doctor, the County granted her leave until July 15, 2006, in order to recover. The County later extended that leave until September 9, 2006. Hollins never returned to work, however, and was subsequently terminated.

## B.

We review a district court's grant of summary judgment de novo. Rojas v. Florida, 285 F.3d 1339, 1341 (11th Cir. 2002). Summary judgment is proper under Federal Rule of Civil Procedure 56 when the pleadings and accompanying evidence show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). "There is no genuine issue of material fact if the nonmoving party fails to make a showing sufficient to establish

3

the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." Jones v. Gerwens, 874 F.2d 1534, 1538 (11th Cir. 1989). In addition, although we read briefs filed by pro se litigants liberally, see Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008), when a pro se plaintiff does not raise an issue on appeal, that issue is waived. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002).

## II.

As for Hollins' claim of age discrimination, the main evidence she points to is a statement that Sheriff Freeman allegedly made at a shift-meeting sometime well before her termination. At that meeting Hollins claims to have overheard him state that he was going to "get rid of all of you old people who have been here a long time that don't want to do your job." Hollins additionally argues that her age was a factor in her termination because she was allowed to work each time she suffered an injury until she reached age 58, when the time she needed for her injuries to heal began to take longer. Finally, Hollins asserts, without evidence, that Freeman fired over 200 deputies who were over 45 years old during his 4-year term as Sheriff.

"The ADEA makes it 'unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with

4

respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age.'" Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc) (quoting 29 U.S.C. § 623(a)(1)).  A plaintiff may establish a prima facie case of discrimination through either direct or circumstantial evidence.  Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999).

For direct evidence, "the evidence must indicate that the complained-of employment decision was motivated by the decision-maker's ageism.  As a result, only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age will constitute direct evidence of discrimination." Id. at 1358–59 (quotation marks omitted).  Where the evidence presented requires an inference or presumption, the evidence is not direct, but circumstantial.  Id. at 1359; see also Burrell v. Bd. of Trs. of Ga. Military Coll., 125 F.3d 1390, 1393–94 (11th Cir. 1997) (holding that evidence which suggests, but does not prove, a discriminatory motive is circumstantial evidence by definition).

We use the McDonnell Douglas[2] framework to evaluate ADEA claims based upon circumstantial evidence.  Chapman, 229 F.3d at 1024.  Under that framework, the plaintiff must first prove a prima facie case, and she can do so by

---

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).

showing that she "(1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." Id.

Hollins has not demonstrated that the district court erred by granting the defendants summary judgment on her claim of age discrimination. First, Hollins has presented no direct evidence of age discrimination. Freeman's remark is open to multiple interpretations: it appears to have been aimed at people who were not performing well on-the-job and would require a variety of inferences or presumptions before a factfinder could conclude that it amounted to evidence of an intent to discriminate on the basis of age.

Second, the circumstantial evidence she offers fails to prove a prima facie case of age discrimination. While she was a member of a protected age group when she was terminated, she has failed to show that she was qualified for her position. Nor has she even argued to this Court that she was replaced by or otherwise lost a position to a younger individual. See Access Now, 385 F.3d at 1331.

### III.

Hollins also argues that the district court erred in granting summary judgment in favor of the defendants on her claim for disability discrimination. To

6

support her argument she asserts that the defendants told her that she could not return to work on a light duty assignment and that she had to have a doctor write her a note giving her a full medical clearance or she would lose her job.

"The ADA provides that employers shall not discriminate against qualified individuals with a disability because of the disability." Wood v. Green, 323 F.3d 1309, 1312 (11th Cir. 2003) (citing 42 U.S.C. § 12112(a)).[3] "Under the controlling law in this Circuit, the burden-shifting analysis of Title VII employment discrimination claims is applicable to ADA claims." Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007) (quotation marks and alteration omitted). To establish a prima facie case of discrimination under the ADA, a plaintiff may show: (1) she is disabled; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability. Id. at 1255–56.

An individual is disabled if she: (1) has a physical or mental impairment that substantially limits one or more of her major life activities; (2) has a record of

---

[3] All of the conduct alleged in Hollins' complaint occurred prior to the effective date of the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008), which became effective on January 1, 2009. In granting the defendants' motion for summary judgment, the district court applied pre-amendment ADA law. We have not addressed in a published opinion the issue of whether the ADAAA applies retroactively. And because Hollins does not assert that the district court erred by applying the pre-amendment ADA laws, we do not address the ADAAA's potential retroactivity. Horsley, 304 F.3d at 1131 n.1.

such an impairment; or (3) is regarded by her employer as having such an impairment. 42 U.S.C. § 12102(1). We have recognized that an impairment that substantially impairs a plaintiff's ability to work is a major life activity. D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1226–27 (11th Cir. 2005). But where a plaintiff alleges that the major life activity impaired is working, the plaintiff must allege that she is unable to work in a broad class of jobs. Id. at 1227. That is because "'[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.'" Id. (quoting 29 C.F.R. § 1630.2(j)(3)(i)); see also Sutton v. United Air Lines, Inc., 527 U.S. 471, 491, 119 S.Ct. 2139, 2151 (1999) ("When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs.") superseded by statute, ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553.[4]

The district court did not err in granting the defendants summary judgment on Hollins' claim of disability discrimination. At most she has alleged only that she could not perform her particular job, not that she could not work in a broad class of jobs. That is not enough to show that she was "disabled." See D'Angelo,

---

[4] See supra n.3.

8

422 F.3d at 1227.  Hollins cannot meet even the first requirement for a prima facie case of discrimination under the ADA.  See Holly, 492 F.3d at 1255–56.

IV.

Hollins also argues that the district court erred in granting summary judgment in favor of the defendants on her claims that they violated and conspired to violate her due process rights under the Fourteenth Amendment.  In particular, Hollins asserts that she presented circumstantial evidence of a due process violation because she proved that when the defendants disciplined other employees, they did so through a "progressive discipline" program.  She does not elaborate on that program, but does assert it was not used with her.  In support of that argument, she alleges that during the period that she was injured, the defendants did not contact her; nor did they conduct an "exit process" after terminating her.

Although Hollins' complaint alleged a violation of her substantive due process rights, the district court correctly held that such a claim is not a valid cause of action in this type of case.  In McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc), we held that "in non-legislative cases, only procedural due process claims are available to pretextually terminated employees."  Id. at 1560.  We explained that the distinction between legislative and non-legislative

9

acts was important: in general, non-legislative acts apply to a limited number of persons and "typically arise from the ministerial or administrative activities of members of the executive branch." Id. at 1557 n.9. "The most common examples are employment terminations." Id. "Legislative acts, on the other hand, generally apply to a larger segment of—if not all of—society; laws and broad-ranging executive regulations are the most common examples." Id.

McKinney bars Hollins from bringing a claim for a violation of substantive due process. To the extent that her brief on appeal could be construed as raising a procedural due process argument, we decline to address that claim because she did not present it to the district court.

As for Hollins' claim that the defendants conspired to violate her due process rights, she has alleged at most only a conspiracy between the County and its employees. But the intracorporate conspiracy doctrine clearly bars that sort of claim. Under that doctrine, "a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation." Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761, 767 (11th Cir. 2000). "This doctrine has been applied not only to private corporations but also to public, government entities." Id.

V.

10

As for her state claim for intentional infliction of emotional distress, Hollins argues that, even though the doctrine of sovereign immunity does protect the defendants, the defendants have "waived their immunity." In particular, she asserts that the defendants have waived their immunity because they terminated her for "invoking [her] constitutional rights, which violated clearly established federal law."

The district court did not err in granting the defendants summary judgment on Hollins' state intentional infliction claim based on the court's finding that the defenses of sovereign and official immunity applied. Hollins did not argue before the district court, where counsel represented her, that the defendants had waived the defense of sovereign immunity. Nor did she offer any facts demonstrating waiver. The district court correctly applied sovereign immunity.

As for the defense of official immunity, because Hollins does not mention that issue in her original brief on appeal, she has not properly presented any argument that the defendants Lane and Freeman were not shielded by official immunity.

**AFFIRMED.**